[Crim. No. 458. Second Appellate District.—February 9, 1916.]

## THE PEOPLE, Respondent, v. JOE BARBERA, Appellant.

CRIMINAL LAW—DESTRUCTION OF INSURED PROPERTY—SUFFICIENCY OF INDICTMENT—NAME OF OWNER OF PROPERTY AND BENEFICIARY OF INSURANCE IMMATERIAL.—In a prosecution for the crime defined by section 548 of the Penal Code, that is, of willfully burning insured property with intent to defraud the insurer, it is not necessary to allege in the indictment the name of the person to whom the property belonged, or who was the beneficiary of the insurance, the essential facts being that the property was insured against loss, and that the defendant burned or otherwise destroyed the property with intent to defraud or prejudice the insurer.

ID.—SUFFICIENCY OF EVIDENCE—QUESTION FOR JURY.—The contention that the evidence was insufficient to show any intent on the part of the defendant to defraud the insurance company, based on the claim that testimony of certain witnesses for the state was unworthy of belief, rather than on any claim that there was no evidence tending to prove such criminal intent, cannot be maintained on appeal, as the question was one for the jury.

ID.—EVIDENCE—PHOTOGRAPHS OF BUILDING AFTER FIRE.—There was no error in admitting in evidence certain photographs taken a few hours after the fire, showing the burnt building at the time the photographs were taken.

ID.—INSTRUCTIONS—DEFINITION OF MALICE IN ARSON—HARMLESS ERROR.—As the crime charged was not arson, an instruction given at the request of the people defining malice as a necessary ingredient in the offense of arson should have been omitted, but the giving of it did not constitute prejudicial error.

ID.—ALLEGED MISCONDUCT OF DISTRICT ATTORNEY—OFFERING EVIDENCE OF OTHER FIRES.—The conduct of the district attorney on several occasions in attempting to introduce testimony showing former fires which had occurred on the same and other premises belonging to one of the defendants, to which evidence objection was sustained, was not prejudicial, where the record shows that the offer was made in good faith and not for the wanton purpose of raising a prejudice against the defendant, and no suggestion was made during the trial of misconduct of the district attorney.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Carter & Torchia, for Appellant.

U. S. Webb, Attorney-General, Robert M. Clarke, Deputy Attorney-General, and Roberto B. Camarillo, for Respondent.

CONREY, P. J.—The defendant appeals from the judgment and from an order denying his motion for a new trial.

The defendant and one Salvatore Turco were jointly indicted and accused of the crime of burning and destroying property insured. It was charged that the defendants, at a stated time and place, did willfully, etc., burn, injure, and destroy certain property, to wit, a certain store building situate as described in the city of Los Angeles, which said property was then and there insured against loss and damage by fire in the London Assurance Corporation, with the intent then and there and thereby to defraud and prejudice the insurer. This defendant demurred upon several grounds, one being that the facts stated did not constitute a public offense, and another being that the indictment was not direct and

certain with respect to the offense charged, and that it did not, with sufficient particularity to constitute a complete offense, state the circumstances thereof. The defect claimed and upon which appellant relies is the omission to state in the indictment the name of the person to whom the property belonged, or who was the beneficiary of the insurance.

This prosecution was not for the crime of arson. It was that defendants committed the crime defined in section 548 of the Penal Code, as follows: "Every person who willfully burns, or in any other manner injures or destroys any property which is at the time insured against loss or damage by fire or by any other casualty, with intent to defraud or prejudice the insurer, whether the same be the property of or in possession of such person, or of any other, is punishable by imprisonment in the state prison not less than one nor more than ten years." In a prosecution for this offense the defendant might be guilty even if the property belonged to himself, and a statement of the fact that the property burned was property of any particular person is not essential to a complete description of the offense. The essential facts are that the property was insured against such loss, and that the defendant burned or otherwise injured or destroyed the property with intent to defraud or prejudice the insurer. The question of ownership would arise only as a matter of evidence for the purpose of showing that the person in whose favor the policy had been issued had an insurable interest in the property described in the policy. The order overruling the demurrer was not erroneous.

This defendant, who was tried separately from the defendant Turco, claims that the evidence was insufficient to show any intent on the part of Barbera to defraud the insurance company. The argument in support of this proposition is based upon the claim that the testimony of certain witnesses for the state was unworthy of belief, rather than upon any claim that there is no evidence tending to prove such criminal intent. Since the jury believed this testimony, we are not authorized to find that it was untrue. It appears from this evidence that this defendant is the person who set fire to the building, that he did this under instructions from Turco, and that Turco had told him that after he would collect the insurance and have his bills paid that he and Barbera would divide up the balance of the money. The commission of this crime

was encouraged by a detective, who wormed himself into the confidence of the defendants, and who was in the employ of the insurance company and whose testimony is a part of the evidence which led to the conviction of this defendant. All of the argument directed against the credibility of the testimony of such witness relates to circumstances which were appropriately submitted to the jury for their consideration. They did not affect the admissibility of the testimony or the rulings of the court thereon.

There was no error in admitting in evidence certain photographs taken a few hours after the fire, showing the appearance of the building at the time the photographs were taken. The conditions illustrated by these photographs were corroborative of the testimony of witnesses showing what they found on the premises at and after the fire, and under the circumstances shown, the time of taking the photographs was not so remote from the time of the fire as to render such photographs inadmissible.

Appellant complains that the court erred in giving people's instruction No. V, defining malice as a necessary ingredient in the offense of arson. Since the crime charged was not arson, this instruction should have been omitted; but the giving of such instruction does not, in our opinion, constitute such prejudicial error as will alone require a reversal of the judgment or authorize a new trial. The other assignments of error with respect to instructions given and with respect to instructions refused are without merit.

Finally, it is claimed that the district attorney was guilty of misconduct, because on several occasions he attempted to introduce testimony showing former fires which had occurred on the same and on other premises belonging to the defendant Turco. Objections to this evidence were sustained by the court. Our reading of the record indicates to us that the offers of this evidence by the district attorney were made in good faith and not for the wanton purpose of raising a prejudice against the defendant. Also, we observe that no suggestion of misconduct of the district attorney was made during the trial; and in view of the court's rulings, it cannot be said that the defendant suffered prejudice by reason of these acts of the prosecuting officer.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.