[Crim. No. 474. Second Appellate District.—May 15, 1916.]

## THE PEOPLE, Respondent, v. W. O. TRUAX, Appellant.

CRIMINAL LAW—EVIDENCE—WITNESS AS ACCOMPLICE—WHEN QUESTION FOR JURY.—In a criminal action it is for the jury to determine from the evidence whether, as a matter of fact, a witness is an accomplice, if the facts are disputed; and it is only where, the acts and conduct of a witness being admitted, they necessarily establish the witness' participation in the guilty act, or guilty relation thereto, that the court should determine and instruct the jury as a matter of law that the witness is to be regarded as an accomplice.

ID.—BURNING OF INSURED PROPERTY—WITNESS AS ACCOMPLICE—QUESTION FOR JURY.—In this prosecution for burning and destroying insured property with intent to defraud the insurer, in violation of section 548 of the Penal Code, it is held that the testimony of a certain witness did not constitute such an admission of guilty participation in the alleged crime as would warrant the court in declaring him to be an accomplice without leaving the fact to be determined by the jury.

APPEAL from a judgment of the Superior Court of Imperial County, and from an order denying a new trial. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

W. F. Frazier, C. Ibeson Sweet, and O. V. Willson, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Appellant was convicted of willfully burning and destroying insured property with intent to de-

fraud the insurer in violation of section 548 of the Penal Code. He appeals from the judgment and from an order denying his motion for a new trial.

It seems to be conceded that the only evidence which tends to connect the defendant with the commission of the crime is contained in the testimony of three witnesses, who by their own admission were accomplices of the defendant, and in the testimony of one Arthur Barnaman. The court refused to instruct the jury that Barnaman was an accomplice, but gave appropriate instructions upon the rules requiring corroboration of the testimony of accomplices.

It is for the jury to determine from the evidence whether as a matter of fact the witness is an accomplice, if the facts are disputed. It is only where, the acts and conduct of a witness being admitted, they necessarily establish the witness' participation in the guilty act, or guilty relation thereto, that the court should determine and instruct the jury as a matter of law that the witness is to be regarded as an accomplice. (*People* v. *Coffey,* 161 Cal. 433, 436, [39 L. R. A. (N. S.) 704, 119 Pac. 901].) According to his own testimony, the witness Barnaman had heard statements and observed conduct of the defendant which must have warned him that an incendiary fire was contemplated. He said that he knew there was to be a fire at the Bassett house and that after receiving such information, he, at the request of Burright (one of the admitted accomplices), carried a bed to that house, and he supposed that the bed was to be used in connection with the fire. But Barnaman modified this testimony by stating that he had not visited the Bassett house within two weeks preceding the fire; that it was later on, after carrying the furniture there, that he found a fire was to occur and that he was "only suspicious that that was the particular house" that was to be burned.

However reprehensible the conduct of this witness may have been, we cannot say that this testimony constitutes such an admission of guilty participation in the alleged crime as would warrant the court in declaring him to be an accomplice without leaving the fact to be determined by the jury.

Appellant also contends that the information is void for uncertainty because it does not state facts constituting the intended fraud upon the insurance company, nor the particular circumstances connecting appellant with that element of the offense; and that therefore the demurrer should have been

sustained. But we think that the demurrer was properly overruled. In *People* v. *Barbera,* 29 Cal. App. 604, [157 Pac. 532], decided February 9, 1916, we had under consideration an indictment charging a like offense, in which the facts were stated in similar form to this information. For reasons there stated, it was held that the indictment was sufficiently direct, certain and complete as to the circumstances of the offense.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 13, 1916.