[Crim. No. 1628. Second Appellate District, Division Two.—March 14, 1928.]

In the Matter of the Application of CARL J. STANLEY for a Writ of Habeas Corpus.

Roscoe O. Stotter for Petitioner.

Asa Keyes, District Attorney, and Tracy C. Becker, Deputy District Attorney, for Respondent.

CRAIG, J.—The petitioner herein, together with two others, was charged by information with having committed grand theft in the county of Los Angeles in that they "did unlawfully take away a certain Chevrolet automobile,"

and by a second count of said information they were charged with having violated section 146 of the California Vehicle Act (Stats. 1923, p. 564), it being alleged therein that they "did wilfully, unlawfully, and feloniously drive a certain motor-vehicle, to wit, a Chevrolet automobile, which was then and there the personal property of one E. R. Plummer, in the absence and without the consent of said owner, E. R. Plummer, and with intent then and there to deprive the said E. R. Plummer of his title to, and possession of, said motor vehicle." All three of the defendants pleaded not guilty, and as to petitioner the jury returned verdicts of guilty of receiving stolen property, and not guilty of either grand theft or violation of section 146 of the Motor Vehicle Act. Thereafter sentence was imposed upon the verdict rendered.

On February 14, 1928, Stanley appealed, asserting, among other grounds for reversal, that the court had no jurisdiction to render the judgment. On February 24, 1928, this proceeding in *habeas corpus* was commenced by petitioner, alleging the foregoing facts as to criminal charges, acquittal thereof, and conviction of the crime of receiving stolen property. The petitioner relies upon the claim that the crime of receiving stolen property is not included within either of the offenses charged, and that the judgment is therefore void for want of jurisdiction. ■ Respondents interpose a preliminary objection to consideration of the petition that since an appeal has been taken and is pending this court is without authority to discharge the petitioner on a writ of *habeas corpus*. *France* v. *Superior Court*, 201 Cal. 122 [52 A. L. R. 869, 255 Pac. 815], is cited as sustaining this contention. In this they are quite in error. In a single sentence the opinion in that case leaves no room for doubt that its holding has no application to this court. Its language is:

"We are holding simply that under the power invested in the superior courts of this state to issue writs of *habeas corpus* they are not given the authority to invade the jurisdiction of an appellate court, and to oust said appellate court of its jurisdiction in a criminal action pending before it on appeal by discharging on *habeas corpus* the appellant in said action on any ground appearing upon the face of the record on appeal, and which is raised or could be raised on said appeal."

In the oral argument *In re Zany*, 164 Cal. 724 [130 Pac. 710], was also strongly relied upon by respondents in support of their denial of the right of the petitioner to the writ here asked based upon the same grounds as are urged in the latter's appeal. We fail to find any language in this authority bearing upon the question.

Section 484 of the Penal Code defines "theft" as follows: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another . . . is guilty of theft." And section 487 of the same code provides that "Grand theft is theft committed in either of the following cases: . . . 3. When the property taken is an automobile, . . ."

All available authorities with which we are familiar antedate the 1927 amendments to our Penal Code, and hence deal with the subject under the title of "larceny," but the distinction is here immaterial. In *People* v. *Disperati*, 11 Cal. App. 469 [105 Pac. 617], the action of the trial court in giving and refusing to give instructions to the jury as to their duty to find the defendant not guilty of larceny if they believed that he merely received stolen property was criticised upon the ground that "receiving or disposing of stolen property is not larceny." In an exhaustive review of the decisions of this and other states, the following apt language is used:

"In *People* v. *Ward*, 105 Cal. 659 [39 Pac. 35], it is said that 'The crime of larceny is distinct from that of receiving stolen goods, and proof of the latter crime is insufficient to convict a person who is accused of the former,' and it was impliedly held that the following instruction given by the court was correct: 'Before you can convict defendant, you must believe. beyond a reasonable doubt that he is guilty of, or in complicity with, the original fraudulent taking, and any subsequent connection after the taking would not be larceny in him, either in good or bad faith; . . . ' " And similar language is quoted from *People* v. *Horton*, 7 Cal. App. 34 [93 Pac. 382].

In the quoted case, and those therein cited, it was held that the crime of receiving stolen goods, as defined by section 496 of the Penal Code, is distinct from that of larceny as defined by sections 484 and 487 of that code. Although the precise point here presented has not to our knowledge been de-

cided in this state, it has been held in other jurisdictions that one charged under separate counts with larceny and with having received the same property after it was stolen cannot be convicted of both offenses. In *Tobin* v. *People*, 104 Ill. 565, the defendant was charged with robbery, larceny, and receiving stolen goods, and the jury found him "guilty, in manner and form as charged in the indictment." In reversing the judgments based upon such verdict, it was said:

"It is an inconsistency that where there is but a single transaction involved, as the proof shows to have been here, the same person could have been guilty of both of the offenses of robbery and of having received goods obtained by robbery, knowing them to have been so obtained. The objection is not from the joinder of counts,—they are well enough joined. (*Bennett* v. *People*, 96 Ill. 602; *Lyons* v. *People*, 68 Ill. 271; *Hiner* v. *People*, 34 Ill. 297.) The difficulty is brought into the case by the evidence. The three offenses charged in the indictment are not comprised in robbery. Larceny might be embraced in it, but it is otherwise with receiving property obtained by robbery. This imports a distinct and subsequent transaction, and involving another person, the receiver receiving the property from some other person who had previously obtained it by robbery." To the same effect is *Commonwealth* v. *Haskins*, 128 Mass. 60, wherein the court said: "It is certain that the defendants could not be guilty upon both counts, because in law the guilty receiver of stolen goods cannot himself be the thief; nor can the thief be guilty of a crime of receiving stolen goods which he himself had stolen."

We therefore hold in this instance that as far as count one is concerned, since the petitioner was charged with the crime of grand theft, and was acquitted of that offense, the verdict and judgment which apparently were founded solely upon evidence of having received stolen property, were void, since the petitioner was not charged with the offense last mentioned.

In the oral argument it was suggested by the district attorney that receiving stolen property might be regarded as an offense necessarily included within that charged in the second count of the information and defined by section 146 of the Motor Vehicle Act. This contention cannot be

upheld for the same reason, that is, the first-named offense is not included in grand larceny or grand theft. The provision of the Motor Vehicle Act mentioned concerns only the wrongful "taking" of motor vehicles.

From the face of the record we conclude that the verdict was a nullity, and the court was plainly without jurisdiction to sentence the accused. Under such circumstances he should not be required to languish in jail pending an appeal, and this court possessing, as it does, undoubted authority to release him upon a writ of *habeas corpus*, it is a proper case for the relief prayed.

The writ is granted, and the petitioner is discharged from custody.

Works, P. J., and Thompson, J., concurred.