[Crim. No. 1648. Second Appellate District, Division Two.—June 27, 1928.]

THE PEOPLE, Respondent, v. CARL J. STANLEY et al., Appellants.

W. H. Springfield for Appellants.

U. S. Webb, Attorney-General, John L. Flynn and John D. Richer, Deputies Attorney-General, for Respondent.

THOMPSON (IRA F.), J.—The defendants Kenneth George, Edward McSorley, and Carl J. Stanley were jointly charged by an information, containing two counts, with grand theft and also with the offense of violating section 146 of the California Vehicle Act, which section provides that ''Any person who shall drive a vehicle not his own, without the consent of the owner thereof and in the absence of the owner, and with intent to either permanently or temporarily deprive the owner of his title to or possession of such vehicle, whether with or without intent to steal the same, shall be deemed guilty of a felony. . . . '' (Deering's Gen. Laws 1923, p. 1896.) The jury returned a verdict of guilty of both offenses against the defendants Kenneth George and Edward McSorley and guilty of the offense of receiving stolen property against the defendant Stanley. The defendant Stanley was subsequently discharged on a writ of *habeas corpus* and the other defendants prosecute this appeal from the judgment pronounced upon the verdict and from an order denying their motion for a new trial.

The appellants' complaint is limited to three instructions which they say were improperly given and the failure of the trial judge to give an instruction. The first instruction given reads as follows: ''An accomplice is one who is liable to prosecution for the identical offense charged against the defendants on trial and whether or not one is an accomplice as defined in these instructions is for the jury to determine from all the testimony and circumstances in proof in the case.'' The basis of appellants' objection to

this instruction is that Louis Barone, a witness who testified at the trial, was, at the very time at which the testimony was given, charged by information with the same offense for which appellants were on trial and they argue therefrom that it was the duty of the court to instruct and inform the jury that Barone was, as a matter of law, an accomplice. Counsel for appellants rely upon *People* v. *Allison,* 200 Cal. 404 [253 Pac. 318], as authority for their position, but that case only declares that one who has been convicted "of the identical offense charged against defendant . . . " is an accomplice of the defendant, as a matter of law. The next citation of appellants, *People* v. *Truax,* 30 Cal. App. 471 [158 Pac. 510], is clearly of no assistance to appellants for it was there held that "It is for the jury to determine from the evidence whether, as a matter of fact the witness is an accomplice, if the facts are disputed. It is only where, the acts and conduct of a witness being admitted, they necessarily establish the witness' participation in the guilty act, or guilty relation thereto, that the court should determine and instruct the jury as a matter of law that the witness is to be regarded as an accomplice. (*People* v. *Coffey,* 161 Cal. 433, 436 [39 L. R. A. (N. S.) 704, 119 Pac. 901].) " In the present action the facts involving the guilt of Barone were disputed. In the case of *People* v. *Swoape,* 75 Cal. App. 404 [242 Pac. 1067], also relied upon by appellants, objections were sustained to a question asked on cross-examination whether the witness had been charged by information with the same crime, and also to a question whether he had been arrested for the same offense. The court was there of the opinion that the trial court had fallen into error, particularly if the witness was in fact an accomplice, but held the error to be without prejudice, saying, "The defendants were therefore entitled to show by this witness just what was his position with reference to the situation then before the court. That right having been denied the defendants, it follows that in that regard the defendants were injured by the action of the court, were it not for the further fact that within the testimony of the same witness his complicity appears in that it was shown that he did take part in the commission of the crime. The error of the court, therefore, became immaterial. . . . " It is apparent that appellants can find no consolation in this

case and that it utterly fails to support their assertion. In fact, if their assertion be true that one who is charged by information or indictment with the same offense as that for which another is on trial, the former is, as a matter of law, an accomplice of the latter, how could it be said that testimony showing his complicity in the matter would cure the error of rejecting testimony to establish that fact, unless the testimony was of such conclusive character as to establish that he was an accomplice as a matter of law. This assertion is not made in the text of the opinion and, therefore, instead of being authority for appellants' position, it may be taken as indicating the contrary.

The case of *People* v. *Howell*, 69 Cal. App. 239 [230 Pac. 991], while not coinciding with the facts of the present situation, more nearly approaches the instant problem. It was there argued that because of the presence of the witness at the scene of the crime and other circumstances indicating " 'probable cause' " that he was liable to prosecution for the same offense and therefore an accomplice within the meaning of section 1111 of the Penal Code, which defines an accomplice as "one who is liable to prosecution for the identical offense charged against the defendant on trial. . . . " The court answers this contention in the following language: "Any person, however innocent, 'is liable to prosecution' in the broad sense of the phrase. The determination of the question of his being in law an accomplice with one who is charged with crime must depend upon whether or not he may be properly 'liable to prosecution'; otherwise every innocent person might be an 'accomplice' of every other person who committed a criminal offense."

We are inclined to agree with these words; but at the same time we think it necessary to define their meaning. If it be said that the phrase "properly 'liable to prosecution' " contemplates one a magistrate or grand jury has said is "properly 'liable to prosecution' " then every person prosecuted by information or indictment for the identical offense for which the defendant is on trial is an accomplice even if the facts involving his guilt are disputed, and even regardless of his innocence. This would indeed be a strange anomaly. It would mean that one wholly innocent and free from stain might be an accomplice, in the eyes of the law, of the most degraded felon. Such was never the intent of

the amendment of 1915 to section 1111 of the Penal Code. The rule of law with respect to the testimony of accomplices is akin to the old rule of common law which sealed the lips of the convicted felon, and a modification of the maxim of the Roman law that *nemo allegans turpitudinem suam est audiendus*. Under the common-law doctrine accomplices included "All *particeps criminis,* whether they are considered, in strict legal propriety, as principals in the first or second degree, or merely as accessories before or after the fact" (*In re Rowe,* 77 Fed. 161). And so in California it is said: "Manifestly, the single, sole determinative consideration is the part which the witness has borne in the crime perpetrated. If the witness has committed the crime, if he has knowingly aided and abetted in its commission, or if he has advised and encouraged its commission, the existence of any one of these facts admitted or established stamps his status as that of an accomplice. This is the precise language of the law, and this, and this alone, is the governing principle of the law," and, again, in the same case: "One is an accomplice, we repeat, because of what he has done and not because of the form of punishment which the law may mete out for his acts. Wherever the law has denounced as a separate crime the particular act of participation by an accessory or accomplice, the sole logical and legal effect is not to destroy the relationship of accomplice, but merely to effect a modification of section 31 of the Penal Code, as though by an express proviso it should read, 'all persons concerned in the commission of a crime,' etc., 'are principals in any crime so committed, provided that they shall not be indicted as principals in any case where the law has denounced their participation as a separate crime and declared that they shall be prosecuted exclusively for such separate crime.' But this, as we have said, does not and cannot, by any species of legal hermeneutics or legerdemain relieve an accomplice of his character of accomplice. It is merely prescribing a separate punishment for the particular act of one who is still an accomplice." (*People* v. *Coffey,* 161 Cal. 433 [39 L. R. A. (N. S.) 704, 119 Pac. 901].) Such was the state of the law prior to the amendment of 1915 to section 1111 of the Penal Code, and regardless of our opinion of the wisdom of the policy the legislative intent is manifest to again somewhat modify the

rule with respect to accomplices so that we may now say that except in those instances where the rule is altered by special statute, an accomplice is one who has been concerned in the commission of a crime, whether he has directly committed the act or aided and abetted in its commission or advised and encouraged its commission and is liable to prosecution for the identical offense charged against the defendant. As thus construed it does no violence to our sense of justice by saying that an innocent man may as a matter of law be the accomplice of a debased felon and is entirely consistent with those authorities which hold that persons are not accomplices, who, although present for one reason or another, are not guilty of criminal participation. Under this view it is obvious that the witness Barone was not an accomplice, as a matter of law, and that this instruction was not erroneous for that reason.

 The next instruction of which complaint is made is as follows: "Theft, in so far as it applies to this case, is the felonious stealing, taking, carrying, riding or driving away the personal property of another:

"When the property taken is an automobile, it is grand theft.

"If you find from the evidence beyond a reasonable doubt that the defendants or any of them on or about the date charged did take, steal and drive away an automobile, as charged in count I of the information or knowingly and with criminal intent, aided, encouraged or instigated the driving away of said automobile, then you are instructed to find such defendant guilty as charged in said count I." The objection to this instruction is that "There was no evidence to justify such an instruction," because after the automobile was stripped of its tires and "had been driven some four or five blocks from the home of defendant Stanley" it was abandoned. The evidence discloses that a Chevrolet car belonging to E. R. Plummer was taken from Seventh and Los Angeles Streets in Los Angeles on November 20th. At the time the automobile was taken it was equipped with four new tires and three used tires on the rack. On November 21st, when it was found a few blocks from Stanley's home, its tires had been removed. One of the new tires was found on Stanley's Ford and the three others under his house. The automobile was driven to Stanley's home by the defend-

ants and the change of tires was there made. When they attempted to start the Chevrolet they called the witness Louis Barone and asked him to help push the car, stating that they had a loose connection. This witness testified with regard to this incident: "And then he said 'Come on, push it,' because everything was done in a rush, and he was kind of nervous there, and I looked down and seen one tire off. I give it a push, and when I done that it run over the street aways and all four of them were off." The four referred to included the two appellants. Under these circumstances the jury were fully justified in believing that it was the intention of the appellants to steal the automobile and that on account of ignition trouble and the necessity for haste they determined to abandon it rather than attempt repairs with its attendant delay. It is true that the appellants gave a different version of the affair, but it was for the jury to say under the conflict thus produced and all of the circumstances whether the automobile was taken by them with felonious intent. There being sufficient evidence to warrant this deduction, the instruction was properly given.

The third instruction which is made the subject of attack defines the offense of receiving stolen property. Undoubtedly this was error for the reason that it is not an offense included within the offense of theft. However, these appellants may not be heard to complain for the reason that neither of them was affected thereby. It is difficult to conceive of any manner in which they might have been prejudiced and none is suggested. The defendant Stanley, who was convicted of that offense, as has already been suggested, was released on *habeas corpus*. (*Ex parte Stanley*, 90 Cal. App. 132 [265 Pac. 561].)

The fourth and last reason assigned for reversal is the court's failure to instruct the jury that the appellants could only be convicted of petty larceny "for the reason that no testimony relating to the value of the alleged stolen Chevrolet was introduced by the prosecution." Appellants do not say that they requested such an instruction and a failure on their part to make such request would probably preclude them from raising the question. However, a plain and inescapable answer is found in section 487 of the Penal Code, the pertinent portion of which reads as follows;

"Grand theft is theft committed in either of the following cases: 1. . . . 2. . . .

"3. When the property taken is an automobile, etc. . . . "

It has already been shown that there was evidence from which the jury might have inferred that defendants had stolen the automobile and not merely the tires. Because section 484 of the Penal Code, among other things, provides a rule of evidence for the determination of value when necessary under subdivision 1 of section 487, it cannot possibly be argued that it operates as a limitation upon the plain and unambiguous language of subdivisions 2 and 3 thereof.

Judgments and order affirmed.

Works, P. J., and Craig, J., concurred.