[Crim. No. 15692. Fourth Dist., Div. One. Nov. 7, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD L. MAKI, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Certified for publication with the exception of the "Factual and Procedural Background" and sections I, II and IV.

**COUNSEL**

Thomas J. Cooke, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, A. Wells Petersen, Frederick R. Millar, Jr., and Raquel M. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WIENER, Acting P. J.**—Donald L. Maki appeals from the judgment entered on the jury verdict convicting him of receiving stolen property (Pen. Code, § 496, subd. 1)[2] resulting in a loss in excess of $25,000. (§ 12022.6,

---

[2]All statutory references are to the Penal Code unless otherwise specified.

subd. (a).) Maki argues the court erroneously denied his section 1538.5 motion to suppress and challenges the applicability of section 12022.6, subdivision (a). Maki also contends the court improperly imposed three one-year enhancements for three prior separate prison terms (§ 667.5, subd. (b)) and improperly added a consecutive eight-month term to his sentence based on a separate sentence imposed in an earlier case. Maki's challenge to the enhancements for his prior separate prison terms is based on his argument the five-year "wash out" provision of section 667.5, subdivision (b) survives the enactment of article I, section 28, subdivision (f) of the California Constitution. We accept this argument but reject the others. We therefore reverse the judgment as to the imposition of the section 667.5, subdivision (b) enhancements and otherwise affirm the judgment.

*Factual and Procedural Background**

. . . . . . . . . . . . . . . . . . . . . . . .

*Discussion**

. . . . . . . . . . . . . . . . . . . . . . . .

### III

The information alleged and the jury found Maki had served three prior separate prison terms based on prior felony convictions (1) in Illinois in 1952 for robbery, (2) in Iowa in 1958 for issuing an insufficient funds check, and (3) in California in 1971 for issuing insufficient funds checks (§ 476a, subd. (a), two counts) and for unlawful taking and driving of a vehicle. (Veh. Code, § 10851, subd. (a).) ■ Maki argues the enhancements imposed for these prior separate prison terms were improper because they violated section 667.5, subdivision (b)'s five-year "wash out" provision. Section 667.5, subdivision (b) provides: "(b) Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; *provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction.*" (Italics added.)

The Attorney General responds by referring us to article I, section 28, subdivision (f) of the California Constitution (§ 28, subd. (f)), added by

---

*See footnote 1, *ante,* page 697.

the electorate's approval of Proposition 8 effective June 9, 1982. Section 28, subdivision (f) provides in part: "Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding." According to the People, the plain meaning of section 28, subdivision (f), consistent with the intent of the electorate, was to abolish section 667.5, subdivision (b)'s five-year "wash out" provision.

We agree with Maki that the "wash out" provision survives the enactment of section 28, subdivision (f). We reach this conclusion by harmonizing the language of sections 28, subdivision (f) and 667.5, subdivision (b). (See *People* v. *Black* (1982) 32 Cal.3d 1, 5 [184 Cal.Rptr. 454, 648 P.2d 104].) The former comes into play based on "any prior felony *conviction*" while the latter operates only on the basis of a "prior separate *prison term* served for any felony." Felony convictions are not the same as felony prison terms. (*People* v. *Hurley* (1983) 144 Cal.App.3d 706, 709-713 [192 Cal.Rptr. 805].) "The distinction between a prior felony conviction and a separate prison term served for such felony is obvious. A prior felony conviction could well have resulted in something less than confinement in the state prison, in which event no enhancement would be called for under section 667.5, subdivision (b)." (*People* v. *Gaines* (1980) 112 Cal.App.3d 508, 516 [169 Cal.Rptr. 381], quoted in *People* v. *Hurley, supra,* 144 Cal.App.3d at p. 712; see also *People* v. *Faught* (1981) 124 Cal.App.3d 848, 860 [177 Cal.Rptr. 637].) Section 667.5 recognizes the distinction between felony convictions and felony prison terms in subdivision (e): "The additional penalties provided for prior prison terms shall not be imposed for any felony for which the defendant did not serve a prior separate term in state prison." Since section 28, subdivision (f), operates on a different set of facts than does section 667.5, subdivision (b) the latter provision is unaffected by the Constitutional Amendment. Had the drafters of the Amendment wished to eliminate the distinction between prison terms and felony convictions, we presume they would have said so. ■ The repeal of statutes by implication is not favored and there is a presumption against application of the doctrine of implied repeal. (*In re Thierry S.* (1977) 19 Cal.3d 727, 744 [139 Cal.Rptr. 708, 566 P.2d 610].)

Accordingly we hold section 667.5, subdivision (b)'s washout provision applies here requiring modification of the judgment to eliminate imposition of the three one-year enhancements.[3]

---

[3]Maki also challenges the introduction into evidence of two additional prior felony convictions which were alleged without any reference to section 667.5, subdivision (b): a 1963 Wisconsin conviction for burglary and a 1981 California conviction for issuing insufficient funds checks. (§ 476a, subd. (a), two counts, CRE 54105.) The jury found the Wisconsin

IV*

. . . . . . . . . . . . . . . . . . . . . . . . . .

*Disposition*

The judgment is modified to strike the three one-year enhancements. Except as modified judgment is affirmed.

Work, J., and Gamer, J.,† concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 3, 1985. Lucas, J., was of the opinion that the petition should be granted.

---

prior conviction true and the California prior conviction not true. These prior convictions were admitted to prove an element of another offense with which Maki was charged, being an ex-felon in possession of a concealable firearm (§ 12021, subd. (a).) Although the jury ultimately hung on this issue and the court declared a mistrial, section 28, subdivision (f) purportedly authorized the admission of the two additional prior convictions: "When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court." Whether cumulative allegations of earlier felonies is proper is questionable. But even if we were to assume error, Maki suffered no prejudice. He was not convicted of the charge of being in possession of a concealable firearm. Absent the error it is not reasonably probable the jury would have reached a different result on the receiving charge.

*See footnote 1, *ante,* page 697.

†Assigned by the Chairperson of the Judicial Council.