[Crim. No. 15928. Fourth Dist., Div. One. May 22, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
NORMAN HALL, Defendant and Appellant.

**COUNSEL**

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, John W. Carney and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

LEWIS, J.—A jury found Norman Hall guilty of first degree burglary of a residence (Pen. Code,[1] §§ 459, 460) grand theft of a firearm (§ 487, subd. 3) and possession of a concealable firearm by an ex-felon (§ 12021), with four prior felony convictions (§ 667.5, subd. (b)) and two serious prior felony convictions (§§ 667, subd. (a), 1192.7, subd. (c)(18)). Hall appeals after the trial court sentenced him to eighteen years in prison as follows: six years for the burglary of a residence, two years for two of the prior felony convictions and ten years for the two serious prior felony convictions.[2]

On September 20, 1983, one day after he was released from prison, Hall entered the Pacific Beach home of San Diego Deputy Marshal Michael Burke, and stole a stereoamplifier, cassette tape player and the officer's revolver. After witnesses saw Hall with the loot a few blocks from Burke's home, police arrested Hall.

Hall's defense was he found the loot on the sidewalk, thought he could get away with it, carried it for awhile, then returned it to the spot where he first saw it. He admitted possessing the gun in his waistband for a time.

I

Hall contends the trial court committed prejudicial error in failing to instruct *sua sponte* on the lesser offense of possession of stolen property.

■ The duty to instruct *sua sponte* on lesser offenses extends only to those offenses which are necessarily included in the offense charged. (See *People* v. *Wickersham* (1982) 32 Cal.3d 307, 323-324 [185 Cal.Rptr. 436, 650 P.2d 311]; cf. *People* v. *Geiger* (1984) 35 Cal.3d 510, 526 [199 Cal.Rptr. 45, 674 P.2d 1303], re duty to instruct, when requested, on lesser related offenses.) ■ Receiving stolen property is not a lesser necessarily included offense of burglary (*People* v. *Tyler* (1968) 258 Cal.App.2d 661, 667 [65 Cal.Rptr. 907]) or of theft (*In re Stanley* (1928) 90 Cal.App. 132, 135-136 [265 P. 561]). Accordingly, there was no duty on the trial court to instruct, *sua sponte,* on the offense of receiving stolen property.

II

Hall contends his case must be remanded for resentencing to allow the trial court to exercise its discretion and strike one or more of his prior felony

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] The court stayed sentences under section 654 on the two remaining convictions and two other prior felony convictions.

convictions. Hall bases his argument on the fact that after the trial court denied probation, imposed the upper term and added the enhancements for the prior felonies, all totaling 18 years, it said: "I have to give reasons for imposing those priors, but I would say that I have some real concern about five-year priors added one on another and whether the people really contemplated all that they were doing when they provided for that.

"But here we have a case—here we have—the problem with people fixing sentences is that they fix minimums while thinking about maximums. They think about the most horrendous example of a phenomenon, and then they decide to up the minimum without ever considering what the minimum example might be. It's a human failing, it seems to me.

"But I have kind of an idea that when the people thought about this case, or this particular problem, they were thinking of Mr. Hall and Mr. Hall's problem. And just as I told Mr. Peckham not to get mad at him, I'm not mad at him, either. He really can't help it. And if it were different—and maybe in a hundred years we will regard it as a form of insanity, and we will know how to treat him.

"Today we don't. Today we exempt it from our definitions of mental illness, because if we recognize it as a mental illness, it would be a license to crime because the illness is criminality. We deal with this kind of criminality by imposing sentences that will keep people out of circulation, and it really doesn't hurt Mr. Hall, because in his present condition and in his foreseeable condition, the only difference it would make would be that he'd have to go through some courthouse more often if I gave him a shorter sentence, and that doesn't do him or anybody else any good. He's the one that the people meant to keep out of circulation.

"And, actually, he's institutionalized. It's not that big a thing for him, either. But for us, it's a big thing. The people have spoken. They met Mr. Hall, and so he gets all these priors added on. It makes 18 years."

Hall characterizes the court's statements as expressing reservations about adding the five-year terms for the serious prior felony convictions and as giving the appearance the court felt it had no discretion but to impose the full, consecutive five-year terms.

Hall mischaracterizes the trial court's statements, failing to consider the court's view that Hall is "the one that the people meant to keep out of circulation" by adopting section 667 in Proposition 8. From this statement, it is clear the court would not have exercised discretion to strike the priors

even if it had that discretion[3] and Hall had moved to strike those priors. Accordingly, no reversible error is present in this aspect of Hall's case. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]; see *People* v. *Jackson* (1985) 37 Cal.3d 826, 839 [210 Cal.Rptr. 623, 694 P.2d 736].)

## III

Hall contends his sentence was improper because it violated the double base term limitation of section 1170.1, subdivision (g).[4]

In recent cases, the Supreme Court concluded, contrary to Hall's contention, "enhancements for serious felonies under section 667 were not intended to be subject to the double base term *limitation* of section 1170.1, subdivision (g). To carry out the intention of the enactment, we read section 1170.1, subdivision (g), as if it contained an exception for enhancements for serious felonies pursuant to section 667, comparable to the explicit exception for enhancements for violent felonies under [subdivisions (a) and (c) of] section 667.5." (*People* v. *Jackson, supra,* 37 Cal.3d at p. 838; italics added; see also *People* v. *O'Bryan* (1985) 37 Cal.3d 841, 845 [210 Cal.Rptr. 450, 694 P.2d 135].) A footnote to the last sentence attributes Proposition 8's failure to amend section 1170.1, subdivision (g), to "draftsman's oversight." (37 Cal.3d at p. 838, fn. 15.)

It is thus clear, based on the enhancement "without limitation" language of Proposition 8,[5] serious felony enhancements pursuant to section 667[6] are

---

[3]The question whether a trial court has the power to strike prior serious felony convictions for enhancement is pending before the California Supreme Court in such cases as *People* v. *Fritz*, hearing granted July 12, 1984 (Crim. No. 23838) (#84-128), *People* v. *Superior Court* (*Chavez*), hearing granted July 12, 1984 (L.A. 31936) (#84-127) and *People* v. *Olsaver*, hearing granted September 13, 1984 (Crim. No. 23979) (#84-178).

[4]Section 1170.1, subdivision (g), reads: "The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a 'violent felony' as defined in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (c) of this section, or an enhancement is imposed pursuant to Section 12022, 12022.5, 12022.6 or 12022.7 or the defendant stands convicted of felony escape from an institution in which he is lawfully confined."

[5]"Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used *without limitation* for purposes of impeachment or enhancement of sentence in any criminal proceeding. . . ." (Cal. Const., art. I, § 28, subd. (f); italics added.)

[6]Section 667, enacted as part of Proposition 8, mandates a five-year consecutive enhancement for prior "serious felonies": "Any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of

to be imposed *"unlimited* by the double base term rule."* (*People* v. *Jackson, supra,* 37 Cal.3d at p. 837; italics added.)[7] Based on the same constitutional language requiring enhancement without limitation as well as on the holding in *Jackson,* we read section 1170.1, subdivision (g), as if it contained an exception for enhancements pursuant to section 667.5, subdivision (b),[8] comparable to the exception now recognized for serious felonies under section 667. (*People* v. *Poole* (1985) *ante,* 516 at pp. 522-524 [214 Cal.Rptr. 502].)

■ Even assuming Proposition 8 did not eliminate the double the base term limitation of section 1170.1, subdivision (g), in Hall's case, there is no legal impediment to the sentencing under review. Here, we have a combination of sentence enhancing felonies, two serious felonies under section 667 (each adding five years) and two felonies under section 667.5, subdivision (b) (each adding one year). In order to follow *Jackson* and carry out the purpose of the sentence enhancement provisions of Proposition 8, it is necessary for the sentencing court first to consider the "term of imprisonment" involving only the enhancements to which the double base term limit may apply, e.g., the section 667.5, subdivision (b) enhancing felonies. Doing so here, the "term of imprisonment" is eight years, composed of the six-year base term and the 2 one-year additional terms imposed under section 667.5, subdivision (b). Obviously, since twice the base term here is 12 years, there is no violation of section 1170.1, subdivision (g)'s limitation "[t]he term of imprisonment shall not exceed twice the number of years imposed . . . as the base term."

Were the sentencing court initially to calculate the term of imprisonment for purposes of section 1170.1, subdivision (g), by including the section 667 serious felony enhancements, it is readily apparent it would be imposing a limitation which Proposition 8, as interpreted by *Jackson,* proscribes.

---

the present offense and each enhancement shall run consecutively." (§ 667, subd. (a).)

Subdivision (b) of section 667 continues: "This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this section to apply."

[7]We recognize the holding of *Jackson* implicitly overrules the holding of this court in *People* v. *Whigam* (1984) 158 Cal.App.3d 1161, 1167-1169 [205 Cal.Rptr. 227]. *Jackson* is consistent with *People* v. *Rivera* (1984) 162 Cal.App.3d 141, 149-151 [207 Cal.Rptr. 756], which disagreed with *Whigam* at page 151, footnote 7.

[8]Section 667.5, subdivision (b), reads: "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

Inclusion of the section 667 serious felony enhancements in the initial calculation of what is double the base term, with concomitant elimination of the term for enhancements such as those under section 667.5, subdivision (b), would reduce the total term of imprisonment intended by Proposition 8 as drafted in light of then existing provisions permitting the other enhancements. This amounts to a limitation on the use of the prior felony convictions, both those under section 667 and those under section 667.5, subdivision (b), for purposes of enhancement and thus is contrary to the language and purpose of Proposition 8.

Again, assuming the double base term limitation of section 1170.1, subdivision (g), is effective after Proposition 8 for purposes of enhancements under section 667.5, subdivision (b), if the section 667.5, subdivision (b), prior felony conviction enhancements, when considered first (and separately from enhancements which are not subject to the double the base term limit), exceed twice the base term, then the double base term rule of section 1170.1, subdivision (g), should be applied to reduce that initially calculated term to not to exceed twice the base term. To this figure must be added the enhancements, such as those for serious prior felony convictions, which are not subject to the twice the base term limit.

As we have seen, in Hall's case there is no exceeding of the double the base term limit by initial addition of the section 667.5, subdivision (b), prior felony conviction enhancements. Accordingly, the total term of 18 years in Hall's case is correct under either application we have discussed in connection with section 1170.1, subdivision (g), after the adoption of Proposition 8.

Judgment affirmed.

Wiener, Acting P. J., and Lester, J.,* concurred.

A petition for a rehearing was denied June 6, 1985, and appellant's petition for review by the Supreme Court was denied August 29, 1985.

---

*Assigned by the Chairperson of the Judicial Council.