[No. F009013. Fifth Dist. Nov. 21, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
EARL KEALOHA RODRIGUES, Defendant and Appellant.

1488

COUNSEL

Terrence M. Van Becker, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Roger E. Venturi and Anthony L. Dicce, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

WOOLPERT, Acting P. J.—Does the double-base-term limitation of Penal Code[1] section 1170.1, subdivision (g), still apply to one-year prior-prison-term enhancements as defined in section 667.5, subdivision (b)? That is the sole question posed by this appeal. With a split of authority on the question, the parties here, not surprisingly, urge this court to adopt the logic in the split which supports their respective positions. We will conclude the prior-prison-term enhancement remains subject to the double-base-term limitation.

Appellant, Earl Kealoha Rodrigues, was charged by information with violating section 496 (receiving stolen property) and having served three prior prison terms (§ 667.5, subd. (b)). After initially pleading not guilty to

_____

[1] All statutory references are to the Penal Code unless otherwise indicated.

the receiving charge and denying the priors, appellant withdrew his plea during trial. He then pled guilty to the charged crime and admitted the prior prison terms. The trial court sentenced appellant to state prison for a term of five years: a two-year midterm for the receiving count and one year for each of the three prior prison terms. Appellant filed a timely notice of appeal.

Appellant claims his sentence violated the double-base-term limitation of section 1170.1, subdivision (g).[2] According to appellant's interpretation of section 1170.1, subdivision (g), the maximum legal sentence was four years: a two-year base term for receiving stolen property plus two one-year enhancements for his three prior prison terms.

## Discussion

### Background

Prior to the California voters' approval of the so-called Victims' Bill of Rights (Proposition 8) in 1982, appellant's five-year sentence would have undisputedly violated the double-base-term limitation of section 1170.1, subdivision (g). The combination of the three one-year prior-prison-term enhancements clearly would have exceeded the two-year base term. Also, the prior-prison-term enhancement was not then (nor is it now) a stated exception to the double-base-term rule in section 1170.1, subdivision (g).[3]

■ Passage of Proposition 8 has set in motion a series of events which, the Attorney General argues, cast doubt on the viability of section 1170.1, subdivision (g), with respect to prior-prison-term enhancements. First, Proposition 8 added, in relevant part, a statutory provision as well as a constitutional amendment. The statutory addition, section 667, provided a

---

[2] Section 1170.1, subdivision (g) provides: "(g) The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a 'violent felony' as defined in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (b) or (c) of this section, or an enhancement is imposed pursuant to Section 667, 667.8, 667.85, 12022, 12022.2, 12022.4, 12022.5, 12022.6, 12022.7, 12022.75, or 12022.9, or an enhancement is being imposed pursuant to Section 11370.2, 11370.4, or 11379.8 of the Health and Safety Code, or the defendant stands convicted of felony escape from an institution in which he or she is lawfully confined."

[3] Section 1170.1, subdivision (g), then provided: "(g) The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a 'violent felony' as defined in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (c) of this section, or an enhancement is imposed pursuant to Section 12022, 12022.5, 12022.6, 12022.7 or the defendant stands convicted of felony escape from an institution in which he is lawfully confined."

five-year enhancement for repeat offenders who commit serious felonies. "(a) In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively.

"(b) This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this section to apply.

". . . . . . . . . . . . . . . . . . . .

"(d) As used in this section 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7." (§ 667.5, subds. (a), (b), & (d).)

Proposition 8 also added, in relevant part, the constitutional amendment embodied in article I, section 28, subdivision (f), of the California Constitution (hereafter section 28, subdivision (f)) which provided: "Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used *without limitation* for purposes of impeachment or enhancement of sentence in any criminal proceeding. When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court." (Italics added.)

Next, in *People* v. *Jackson* (1985) 37 Cal.3d 826, 837-838 [210 Cal.Rptr. 623, 694 P.2d 736], the state Supreme Court considered whether the double-base-term limitation was abolished by Proposition 8, at least as to enhancements for serious felonies. The Attorney General argued the "without limitation" language of section 28, subdivision (f), in the state's constitution and the necessary implications of section 667 abolished the limitation as to serious felonies. The court found the meaning of the constitutional provision *uncertain*. Nevertheless, it agreed that section 667 was intended to impose an enhancement unlimited by the double-base-term rule. (*Id.* at p. 837.) "The enhanced term of five years imposed by section 667 is applicable upon a conviction for burglary of a residence if defendant was previously convicted of a serious felony. Such a burglary, as we have observed, may be either first or second degree. The former carries base terms of two, four or six years (§ 461, subd. 1); the latter carries terms of sixteen months, two years or three years (§ 461, subd. 2 and § 18). Thus, if the double base term

limitation applied, it would prevent imposition of the full five-year enhancement except in cases in which the defendant was convicted of first degree burglary and received the aggravated term. We conclude that enhancements for serious felonies under section 667 were not intended to be subject to the double base term limitation of section 1170.1, subdivision (g). To carry out the intention of the enactment, we read section 1170.1, subdivision (g), as if it contained an exception for enhancements for serious felonies pursuant to section 667, comparable to the explicit exception for enhancements for violent felonies under section 667.5.[15]" (*People* v. *Jackson, supra,* 37 Cal.3d at pp. 837-838.)

Footnote 15 provides: "Proposition 8's failure to amend section 1170.1, subdivision (g) appears to be a draftsman's oversight . . . ."

Finally, claiming reliance upon *Jackson,* the Fourth District has read the double-base-term rule as if it contained an exception for prior-prison-term enhancements. (*People* v. *Hall* (1985) 168 Cal.App.3d 624, 628-630 [214 Cal.Rptr. 289]; *People* v. *Poole* (1985) 168 Cal.App.3d 516, 522-524 [214 Cal.Rptr. 502].) The defendant in *Poole* argued *Jackson* abrogated the double-base-term rule for enhancements based on prior serious felonies only. By contrast, the Attorney General urged the rationale of *Jackson* and *People* v. *Rivera* (1984) 162 Cal.App.3d 141 [207 Cal.Rptr. 756], led logically to the conclusion that prior-prison-term enhancements were another exception to the double-base-term limitation. *Rivera,* an appellate decision pre-dating *Jackson,* concluded section 667 created an additional exception to the double-base-term limitation.

The *Poole* court analyzed the issue in the following manner: "Both *Jackson* and *Rivera* remind us the broad language of article I, section 28, subdivision (f) of the California Constitution provides: '(f) *Use of Prior Convictions.* Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of . . . enhancement of sentence . . . .' Thus, *Jackson* and *Rivera* emphasize that section 667, an enhancement statute, must be given its full, unabridged meaning so as not to render such enactments meaningless in whole or part and so as to give due effect to the statute's intended purpose. *Jackson* recognized that Proposition 8, as a result of a draftsman's oversight, failed to make all appropriate amendments to section 1170.1, subdivision (g) comparable to the failure to amend subdivision (f). (*People* v. *Jackson, supra,* 37 Cal.3d at p. 838, fn. 15.) *Jackson* then concludes despite the uncertain meaning of article I, section 28, subdivision (f), section 667 must have been intended to be unlimited by section 1170.1, subdivision (g) in order to effectuate unfettered use of section 667 for enhancement purposes. (*Id.,* at p. 838.)

"Because specific statutory language prevails over general language and because constitutional provisions prevail over conflicting legislative provisions (13 Cal.Jur.3d, Const. Law, § 27, pp. 63-64), we read section 1170.1, subdivision (g) as if it contained an exception for enhancements pursuant to section 667.5, subdivision (b) comparable to the exception now recognized pursuant to section 667." (*People* v. *Poole, supra,* 168 Cal.App.3d at pp. 523-524, fns. omitted.)

In *People* v. *Hall, supra,* 168 Cal.App.3d at 628-629, the court shed additional light on the analysis in *Poole,* finding it "clear, based on the enhancement 'without limitation' language of Proposition 8, serious felony enhancements pursuant to section 667 are to be imposed *'unlimited* by the double base term rule.' (*People* v. *Jackson, supra,* 37 Cal.3d at p. 837, italics added.) Based on the same constitutional language requiring enhancement without limitation as well as on the holding in *Jackson,* we read section 1170.1, subdivision (g), as if it contained an exception for enhancements pursuant to section 667.5, subdivision (b), comparable to the exception now recognized for serious felonies under section 667. (*People* v. *Poole* (1985) *ante,* 516 at pp. 522-524 [214 Cal.Rptr. 502].)"

Appellant challenges the analysis in *Poole* and *Hall,* while the Attorney General contends those cases were rightly decided. We disagree with the Attorney General's position.

As previously quoted, the *Poole* court read the double-base-term rule as if it contained an exception for prior prison terms because "specific statutory language prevails over general language and because constitutional provisions prevail over conflicting legislative provisions . . . ." (*People* v. *Poole, supra,* 168 Cal.App.3d at p. 524.) It is unclear what *Poole* meant by the words "specific statutory language prevails over general language." The specific statutory language here *should be* the double-base-term rule. It certainly appears more specific than the general rule creating a one-year prior-prison-term enhancement. Yet *Poole's* reliance on the "specific governing the general" rule of statutory construction as support for its holding defies this logic.

More discernible is *Poole's* reference to the prevalence of constitutional provisions. That language, coupled with language in *Hall,*[4] makes clear a fundamental error in the *Poole-Hall* rationale.

---

[4] In *Hall,* the court wrote: "based on the enhancement 'without limitation' language of Proposition 8, serious felony enhancements pursuant to section 667 are to be imposed *'unlimited* by the double base term rule.' (*People* v. *Jackson, supra,* 37 Cal.3d at p. 837; italics added.)" (*People* v. *Hall, supra,* 168 Cal.App.3d at pp. 628-629, fns. omitted.)

First, both opinions acknowledge the Supreme Court in *Jackson* decided an exception for prior serious felony convictions should be read into section 1170.1, subdivision (g), based upon the intent of section 667. Nonetheless, *Poole* and *Hall* cite *Jackson* as authority for recognizing a further exception to the double-base-term rule for prior-prison-term enhancements. Such reliance on *Jackson* is misplaced.

In *Jackson,* there was a new enhancement provision, section 667, enacted by Proposition 8. It essentially replaced section 667.5, subdivision (a), which was a stated exception to the double-base-term rule in section 1170.1, subdivision (g). The Supreme Court reasoned a section 667 enhancement could not be applied in most cases if the court did not read into section 1170.1, subdivision (g), an exception for enhancements for prior serious felony convictions. The court concluded the failure of Proposition 8 to amend the double-base-term rule was apparently a draftsman's oversight. (*People* v. *Jackson, supra,* 37 Cal.3d at p. 838, fn. 15.)

The status of prior-serious-felony-conviction enhancements is clearly different from that of the enhancement for prior prison terms. Proposition 8 did not enact a new enhancement for prior prison terms. Moreover, there never was an exception to the double-base-term rule for prior-prison-term enhancements. Thus, there can be no case made for "draftsman's oversight" with the double-base-term rule for prior-prison-term enhancements.

Second, *Jackson* did not rely on the "without limitation" language of section 28, subdivision (f), to read into the double-base-term rule an exception for section 667 enhancements. Indeed, the Supreme Court characterized the meaning of section 28, subdivision (f), as uncertain. (*People* v. *Jackson, supra,* 37 Cal.3d at p. 837.) *Poole* and *Hall* nevertheless appear to read *Jackson* as relying upon section 28, subdivision (f), to reach its holding. (*People* v. *Poole, supra,* 168 Cal.App.3d at pp. 523-524; *People* v. *Hall, supra,* 168 Cal.App.3d at pp. 628-629.) *Poole* and *Hall* then use section 28, subdivision (f), which the court in *Hall* described as "constitutional language requiring enhancements without limitation" to support their holdings. (*People* v. *Hall, supra,* 168 Cal.App.3d at p. 629.) Section 28, subdivision (f), however, has no bearing on prior-prison-term enhancements.

Section 28, subdivision (f), relates to the unlimited use of *prior felony convictions,* not prior prison terms. Notably, one justice who concurred in *Poole* and *Hall* recognized this important distinction in another case, *People* v. *Maki* (1984) 161 Cal.App.3d 697, 700 [207 Cal.Rptr. 777]. The appellant there argued his prison term had been improperly enhanced for prior prison terms despite the five-year "wash-out" provision of section 667.5, subdivision (b). The Attorney General argued subdivision (f) abolished the "wash-

out" language. The appellate court held: "[T]he 'wash out' provision survives the enactment of section 28, subdivision (f). We reach this conclusion by harmonizing the language of sections 28, subdivision (f) and 667.5, subdivision (g). (See *People* v. *Black* (1982) 32 Cal.3d 1, 5 [184 Cal.Rptr. 454, 648 P.2d 104].) The former comes into play based on 'any prior felony *conviction*' while the latter operates only on the basis of a 'prior separate *prison term* served for any felony.' Felony convictions are not the same as felony prison terms. (*People* v. *Hurley* (1983) 144 Cal.App.3d 706, 709-713 [192 Cal.Rptr. 805].) 'The distinction between a prior felony conviction and a separate prison term served for such felony is obvious. A prior felony conviction could well have resulted in something less than confinement in the state prison, in which event no enhancement would be called for under section 667.5, subdivision (b).' (*People* v. *Gaines* (1980) 112 Cal.App.3d 508, 516 [169 Cal.Rptr. 381], quoted in *People* v. *Hurley, supra,* 144 Cal.App.3d at p. 712; see also *People* v. *Faught* (1981) 124 Cal.App.3d 848, 860 [177 Cal.Rptr. 637].) Section 667.5 recognizes the distinction between felony convictions and felony prison terms in subdivision (e): 'The additional penalties provided for prior prison terms shall not be imposed for any felony for which the defendant did not serve a prior separate term in state prison.' Since section 28, subdivision (f), operates on a different set of facts than does section 667.5, subdivision (b) the latter provision is unaffected by the Constitutional Amendment. Had the drafters of the Amendment wished to eliminate the distinction between prison terms and felony convictions, we presume they would have said so. The repeal of statutes by implication is not favored and there is a presumption against application of the doctrine of implied repeal. (*In re Thierry S.* (1977) 19 Cal.3d 727, 744 [139 Cal.Rptr. 708, 566 P.2d 610].)" (*People* v. *Maki, supra,* 161 Cal.App.3d at p. 700.)

The logic in *Maki* is applicable to this case. Prior felony convictions and prior prison terms are distinct words of legal art. The phrase, "prior felony conviction" cannot be read to include "prior prison term."

Significantly, the Legislature has amended section 1170.1, subdivision (g), since the passage of Proposition 8. In an apparent response to *Jackson,* it has modified section 1170.1, subdivision (g), to include section 667 as an express exception to the double-base-term rule. It has also since included a number of other enhancements, namely, section 667.8, 667.85, 12022.2, 12022.4, 12022.75 and 12022.9, and Health and Safety Code sections 11370.2, 11370.4, and 11379.8, as stated exceptions to the double-base-term rule. The Legislature has not, however, enumerated section 667.5, subdivision (b), as an exception to the double-base-term rule. Thus, it is even more difficult to imply a legislative intent to exclude prior-prison-term enhancements from the double-base-term rule.

We conclude that, despite passage of Proposition 8, there was no intent to amend the double-base-term rule with respect to prior prison terms.

The judgment of conviction is affirmed. The judgment insofar as it relates to sentencing is vacated and the matter is remanded for resentencing in accordance with the views expressed herein.

Best, J., and Stone (W. A.), J., concurred.