[No. D008206. Fourth Dist., Div. One. June 26, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
EDUARDO ECHEVERIA GARCIA, Defendant and Appellant.

**COUNSEL**

Paul W. Blake, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**HUFFMAN, J.**—Eduardo Echeveira Garcia appeals his judgment and sentence after the trial court sentenced him to a total eight-year term. He contends the sentence imposed is an illegal sentence, violative of the "double-the-base-term" provision of Penal Code section 1170.1(g), and violative of the United States and California Constitutions which preclude application of amendments to offenses occurring before their effective date. We shall hold application of the three-year enhancement under Health and

Safety Code[1] section 11370.2(a) was proper in this case and does not violate either the "double-the-base-term" limitation or ex post facto laws.

## FACTS

On June 12, 1987, Chula Vista police officers arrested Garcia at the Happy Landing Bar on an outstanding arrest warrant. A search incident to his arrest produced a cigarette pack containing seven tin foil bindles of tar heroin in his right front pants pocket.

Based upon this evidence, he was charged February 16, 1988, with one count of unlawful possession of heroin for sale and purchase for purposes of sale. (§ 11351.) He was also alleged to have suffered an earlier section 11352 conviction within the meaning of section 11370.2(a), and two prior felony convictions within the meaning of Penal Code section 667.5(b). After he waived jury trial and stipulated the preliminary transcript could be used in place of the police officers' testimony, the trial judge found him guilty as charged and found the enhancement allegations to be true.

The court sentenced Garcia May 10, 1988, to a total eight-year term consisting of a three-year midterm on the current drug offense, a consecutive three-year term for the section 11370.2(a) enhancement and two consecutive one-year terms for the Penal Code section 667.5(b) enhancements.

## DISCUSSION

 Garcia appeals, contending the total sentence imposed is illegal because it violates the "double-the-base-term" limitation set out in Penal Code section 1170.1(g) and violates ex post facto laws. We disagree.

## OVERVIEW

At the time Garcia committed his present drug offense, Penal Code section 1170.1(g) provided: "The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a 'violent felony' as defined in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (c) of this section, or an enhancement is imposed pursuant to Section 12022, 12022.4, 12022.5, 12022.6, 12022.7 or 12022.9 or the defendant stands convicted of felony escape from an institution in which he is lawfully confined." This section was amended in 1987 to expressly exclude from the

---

[1] All statutory references are to the Health and Safety Code unless otherwise specified. When referring to statutory subparts we omit repetition of the word "subdivision."

double-the-base-term limitation enhancements imposed under section 11370.2. (Assem. Bill No. 1578 (1987-1988 Reg. Sess.) ch. 1423, § 3.7.)[2]

Section 11370.2, enacted by the Legislature in 1985 (Stats. 1985, ch. 1398, § 2), and amended in 1986 (Stats. 1986, ch. 80, § 1 and ch. 1044, § 15), provides in pertinent part: "(a) Any person convicted of a violation of Section 11351 . . . shall receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and consecutive three-year term for each prior felony conviction of Section . . . 11352 . . . whether or not the prior conviction resulted in a term of imprisonment."

Garcia was convicted here of a violation of section 11351 for which the sentencing court imposed a midterm of imprisonment. Translated into raw numbers for computation of the twice-the-base-term equation: the court imposed a three-year base term which, if no exception to the two-times-the-base-term formula applied, would mean that no more than a six-year total prison term could be imposed.

The court, however, had found true at trial the allegations Garcia had suffered an earlier conviction of section 11352 and had suffered two earlier felony convictions within the meaning of Penal Code section 667.5(b). Consequently, in addition to the three-year middle term for the section 11351 conviction, the court imposed additional time for these enhancements: a consecutive three-year term for the enhancement under section 11370.2(a) and two consecutive one-year terms for the enhancements under Penal Code section 667.5(b). The total term for which the court sentenced Garcia was thus eight years or two years over the twice-the-base-term limitation.

While Garcia acknowledges Penal Code section 1170.1(g) was amended in 1987 to add section 11370.2 to the list of enhancements excepted by the double-the-base-term limitation, he contends because his crime was committed before January 1, 1988, the effective date of the amendment, the exception does not apply to him; to apply the exception would be in violation of the United States and California constitutional proscriptions against ex post facto laws.

Interestingly, Garcia does not challenge the court's imposition of the two one-year enhancements under Penal Code section 667.5(b). Rather he merely argues the three-year enhancement imposed under section 11370.2(a) is illegal and unconstitutional as violative of the double-base-term limitation.

---

[2] This section was submitted to the Legislature via two Assembly Bills, Nos. 2504 (1987-1988 Reg. Sess.) chapter 939, section 1, and 1578 (1987-1988 Reg. Sess.) chapter 1423, section 3.7. The latter chaptered law was the one duly enacted.

Nor do the People address any issue concerning the relevance of Penal Code section 667.5(b) to this case other than mentioning that we have previously upheld such section as being an exception to Penal Code section 1170.1(g), even though it was not one of the listed enhancements in that section and to suggest the same rationale should apply to hold section 11370.2(a) is also such an exception. (See *People* v. *Hall* (1985) 168 Cal.App.3d 624, 628-629 [214 Cal.Rptr. 289] and *People* v. *Poole* (1985) 168 Cal.App.3d 516, 522-524 [214 Cal.Rptr. 502].)

■ Technically, under the holding of *People* v. *Magill* (1986) 41 Cal.3d 777 [224 Cal.Rptr. 702, 715 P.2d 662], if any of the statutory enhancements applied to a defendant's sentence is excepted from the base term limiting provisions of Penal Code section 1170.1(g), the entire sentence is exempt from the limitation, not just the part imposed for the exception. ■ Thus, because Garcia has not challenged the enhancements imposed under Penal Code section 667.5(b) and we have already determined such enhancements are excluded from the Penal Code section 1170.1(g) double-base-term limitation (*People* v. *Hall, supra,* 168 Cal.App.3d at pp. 628-629 and *People* v. *Poole, supra,* 168 Cal.App.3d at pp. 522-524), the three years imposed here under section 11370.2(a) does not violate the twice-the-base-term proscription.

However, being mindful of the existing split of authority on the issue of whether Penal Code section 667.5(b) is an exception to the double-the-base-term rule (see *Poole-Hall* cases, *supra,* versus *People* v. *Rodrigues* (1988) 205 Cal.App.3d 1487 [253 Cal.Rptr. 306]),[3] that our Supreme Court has granted review on the issue (*People* v. *Prather* (1988) 204 Cal.App.3d 1331 [252 Cal.Rptr. 7], review granted Dec. 22, 1988 (S007747)), and that the parties have not briefed that issue, we focus our review on whether section 11370.2(a) is excepted from the twice-the-base-term limitation.

SECTION 11370.2(a)

As already discussed, section 11370.2 was enacted in 1985.[4] At that same time, section 11370.4, which provides for additional enhancements (3 to 10 years; amended to include a 15-year enhancement) for possession of substances containing heroin or cocaine according to the amount possessed,

---

[3] *People* v. *James* (1985) 170 Cal.App.3d 164 [216 Cal.Rptr. 24] and *People* v. *Doane* (1988) 200 Cal.App.3d 852 [246 Cal.Rptr. 366] have also held Penal Code section 667.5(b) is an exception to the twice-the-base-term limitation.

*People* v. *Meadows* (Cal.App.) C003191, which held otherwise, was denied review by our Supreme Court on January 19, 1989, and ordered not to be published in the Official Reports. (Cal. Const., art. VI, § 14; Cal. Rules of Court, rule 976.)

[4] Section 11370.2 was amended in 1986 to expand the list of controlled substances for which an enhancement could be imposed. (Assem. Bill No. 2362 (1986-1987 Reg. Sess.) ch. 80, § 1.)

was enacted. The express purpose for the enactment of these sections was "to punish more severely those persons who are in the regular business of trafficking in, or production of, narcotics and those persons who deal in large quantities of narcotics as opposed to individuals who have a less serious, occasional, or relatively minor role in this activity." (Assem. Bill No. 2320 (1985-1986 Reg. Sess.) ch. 1398, § 1.)

In *People* v. *Carvajal* (1988) 202 Cal.App.3d 487 [249 Cal.Rptr. 368],[5] the Court of Appeal held enhancements under section 11370.4 "were not, in 1986, limited by the double-the-base-term rule of former Penal Code section 1170.1, subdivision (g), despite the Legislature's initial, inadvertent failure to include such enhancements among the enumerated exclusions." (*Id.* at p. 502.) The court looked at section 11370.4 "in a reasonable and common sense manner consistent with [its] apparent purpose and the legislative intent underlying [it]—one practical, rather than technical, and one promoting a wise policy rather than mischief or absurdity. [Citation.]" (*Id.* at p. 501.) It determined that to apply the double-base-term rule to that section would "frustrate the Legislature's purpose to punish narcotic drug dealers in proportion to the quantity of drug possessed. [Citation.]" (*Id.* at p. 502.)

The reasoning of *Carvajal* is equally appropriate here. While section 11370.2(a) does not, like section 11370.4, add additional punishment because of the amount of drugs possessed, it adds such additional penalties because the person who possesses the drugs has also possessed drugs for sale in the past and that person has actually suffered a prior conviction for possession for sale. Looking at the stated legislative purpose in enacting section 11370.2, we perceive the Legislature intended, and continues to intend, to more severely punish those who have suffered prior convictions for sale of drugs because those persons are more likely to be in the regular business of trafficking, having dealings, in drugs.

To hold that at the time of the offense here Penal Code section 1170.1(g) precluded imposition of the three-year enhancement under section 11370.2(a) would negate its stated purpose and render its provision to add "a full, separate and consecutive three-year term for *each* prior felony conviction" specified there nugatory. (§ 11370.2(a), italics added.) For example, such holding would foreclose the sentencing court's option in the case of a person, like Garcia, who is convicted of a crime under section 11351 with one prior felony conviction for a drug offense specified in section

---

[5] *Carvajal* was originally partially published only as to this enhancement section and cited at 199 Cal.App.3d 479. However, when our Supreme Court denied review on June 23, 1988, it ordered another section of the opinion concerning search and seizure issues published and reprinted the case at this citation.

11370.2(a), from exercising its discretion to fully add[6] to his sentence a three-year enhancement when imposing a mitigated two-year term. More seriously, such would preclude the sentencing court from adding more than one three-year enhancement for additional prior felony drug convictions which the defendant may have suffered. This would not be consistent with the commonsense application of the statute nor with its legislative intent. (See *People* v. *Craft* (1986) 41 Cal.3d 554, 560 [224 Cal.Rptr. 626, 715 P.2d 585]; *People* v. *Carvajal, supra,* 202 Cal.App.3d at p. 501.)

Further support for our decision is found in the reasoning of *People* v. *Eddahbi* (1988) 199 Cal.App.3d 1135, 1141-1143 [245 Cal.Rptr. 330], which holds sentences imposed under Penal Code section 1170.1(b) are impliedly excepted from the double-base-term rule, and *People* v. *Hernandez* (1988) 204 Cal.App.3d 639, 655-659 [251 Cal.Rptr. 393], which holds sentences imposed under Penal Code section 667 are not foreclosed by Penal Code section 1170.1(a). Both cases looked to the plain language of and the intent behind the statutes involved, the reasoning of *People* v. *Jackson* (1985) 37 Cal.3d 826, 832 [210 Cal.Rptr. 623, 694 P.2d 736] and the language of California Constitution, article I, section 28, subdivision (f) (Proposition 8), which provides for the unlimited use of prior felony convictions for purposes of sentence enhancement, to find it was merely an "oversight" in the failure of the Legislature to amend certain Penal Code section 1170.1 subdivisions at the same time other statutes were enacted. Both cases determined such oversight could not defeat the intent of the Legislature to enact those other enhancement statutes.

While this present case does not involve a statute enacted at the same time Proposition 8 was drafted and became effective, it does involve a statute enacted after that consititutional amendment was enacted to punish habitual felons more harshly by allowing imposition of sentencing enhancements without limitation. The plain language of section 11370.2(a) means that a person in Garcia's situation, convicted of section 11351 and having suffered a prior section 11352 conviction, shall have an additional three-year enhancement added to any term of imprisonment. To not so impose the enhancement would conflict with the "without limitation" language of Proposition 8, as well as the intent of the Legislature in enacting section 11370.2(a).

Moreover, Penal Code section 1170.1(g) has been amended since the time of Garcia's crime to expressly exclude from the twice-the-base-term rule

---

[6] We decline to play the semantical game which some courts have entered to find a sentencing court is not precluded from "imposing" an enhancement but is merely precluded from adding its full effect to the total sentence by operation of Penal Code section 1170.1(g). While California Rules of Court, rule 447 provides a procedure for staying execution of so much of a term of imprisonment as would exceed the double-base-term rule, such procedure does not answer the question whether section 11370.2(a) is limited by the rule.

enhancements imposed under section 11370.2, as well as those under section 11370.4. (Assem. Bill No. 1578 (1987-1988 Reg. Sess.) ch. 1423, § 3.7.) At the time of the amendment, the Assembly File Analysis spoke of the amendment in regard to the inclusion of section 11370.2 as an attempt to "clarify" the intent of the Legislature, that the judge could impose a sentence of over twice-the-base-term on those drug offenders with prior convictions. (Assem. File Analysis of the Assem. Office Research, 3d Reading File, Assem. Bill No. 2504 (1987-1988 Reg. Sess.) p. 1; Assem. Bill No. 2504 was incorporated into Assem. Bill No. 1578 (1987-1988 Reg. Sess.) ch. 1423, § 3.7.) Although such statement is not as specific as the legislative statements contained in the reports reviewed in regard to Penal Code section 1170.1(b) in *People* v. *Eddahbi, supra,* 199 Cal.App.3d 1135, 1142, "[w]e regard this belated amendment as declaratory of existing law rather than an expansion of the exceptions to the double the base term rule." (*Ibid.*) Consequently, no ex post facto application of the amended statute occurred, and we hold imposition of the three-year enhancement under section 11370.2(a) in this case did not violate the double-the-base-term limitation.

### DISPOSITION

Judgment and sentence are affirmed.

Kremer, P. J., concurred.

**WIENER, J.**—I concur in the result on the basis of *People* v. *Poole* (1985) 168 Cal.App.3d 516 [214 Cal.Rptr. 502] and *People* v. *Magill* (1986) 41 Cal.3d 777 [224 Cal.Rptr. 702, 715 P.2d 662]. (See maj. opn., *ante,* p. 1100.)

A petition for a rehearing was denied July 11, 1989, and appellant's petition for review by the Supreme Court was denied September 28, 1989.