Filed 5/28/13   Reposted 6/3/13 to correct footnote numbering; no other change to opinion text
<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>[*]


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C070776 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 08F09057, 11F08400) |
| v. | |
| JAMES EDWARD OAKLEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Troy L. Nunley, Judge.  Affirmed.

James Bisnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*]  Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of Parts II. and III. of the Discussion.

1

Defendant James Edward Oakley was convicted on multiple criminal charges, including transportation of methamphetamine. (Health & Saf. Code, § 11379, subd. (a).) As a repeat offender, defendant was sentenced to an aggregate term of 11 years four months in state prison. Defendant appeals his sentence, arguing that the trial court wrongly sentenced him to an additional three-year term under Health and Safety Code section 11370.2, because the transportation of methamphetamine charge for which he was convicted was based on transportation for personal use. Defendant also contends the trial court wrongly believed it lacked discretion under the three strikes law to sentence defendant to a concurrent term for his conviction on the charge of failure to appear.

In the published portion of this opinion, we conclude that the trial court did not err in imposing the three-year enhancement pursuant to Health and Safety Code section 11370.2, because that enhancement applies regardless of whether transportation of a controlled substance is for personal use.

In the unpublished portion of this opinion, we conclude that the trial court properly sentenced defendant to a consecutive term on his conviction for failure to appear, because defendant's failure did not arise from the same operative facts as defendant's drug-related crimes.

We remand to the trial court to correct an error in an abstract of judgment, but otherwise affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendant was charged in Sacramento County case No. 08F09057 (the first case) with transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and possession of paraphernalia for smoking a controlled substance (Health & Saf. Code,

---

[1] We do not include the facts of the underlying offenses as they are not relevant to the issues on appeal.

§ 11364). The amended information also alleged recidivist enhancements: a prior conviction for voluntary manslaughter, a serious and violent felony (Pen. Code, §§ 667, subds. (b)-(i), 1170.12); a prior conviction for possession of methamphetamine for sale, a drug-related offense (Health & Saf. Code, § 11370.2); and a prior prison term (Pen. Code, § 667.5, subd. (b)).

Defendant pleaded not guilty to the charges and waived his right to an attorney. A jury later found defendant guilty of the charged offenses. Following the verdict, defendant requested an attorney. The court appointed counsel. Thereafter, defendant admitted the prior convictions and the prior prison term allegation.

Prior to being sentenced in the first case, defendant was charged in Sacramento County Superior Court case No. 11F08400 (the second case) with receiving stolen property while released from custody (Pen. Code, §§ 496, subd. (a), 12022.1), failing to appear (Pen. Code, § 1320.5), and providing false information to a police officer (Pen. Code, § 148.9, subd. (a)). It was further alleged that defendant previously had been convicted of a serious or violent felony (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) and previously had served a term in prison (Pen. Code, § 667.5, subd. (b)).

For purposes of the Penal Code section 1320.5 charge and the Penal Code section 12022.1 enhancement, defendant admitted he was out on bail on a felony in the first case at the time of the alleged offenses in the second case. A jury then found defendant not guilty of the receiving stolen property charge, but guilty of failure to appear and providing false information to a police officer in the second case. The trial court found true the prior strike conviction and prior prison term allegations.

Defendant moved to have his prior strike conviction dismissed pursuant to Penal Code section 1385. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.)

The trial court denied defendant's motion, but in doing so, it noted that defendant's transportation of methamphetamine was for personal use and not for purposes of sale.[2]

At sentencing, the trial court determined it could not sentence defendant to a concurrent term for his conviction on the charge of failure to appear because the drug-related crimes were separate from the failure to appear. Accordingly, the court sentenced defendant to an aggregate term of 11 years four months in state prison, calculated as follows: three years for transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a), doubled to six years for the prior strike conviction (Pen. Code, §§ 667, subd. (e)(1), 1170.12, subd. (c)(1)); three years for the prior drug-related conviction, to be served consecutively (Health & Saf. Code, § 11370.2); one year for the prior prison term allegation, to be served consecutively (Pen. Code, § 667.5, subd. (b)),[3] and eight months for willful failure to appear (Pen. Code, § 1320.5), doubled to 16 months for the prior felony conviction, to be served consecutively (Pen. Code, §§ 667, subd. (e)(1), 1170.12, subd. (c)(1)).[4]

---

[2] Defendant does not challenge the court's denial of his motion to dismiss the strike allegation.

[3] The prior prison term allegations in the first and second cases were for the same conviction. The trial court appropriately sentenced defendant to only one prior prison term sentence. It imposed that sentence on the first case, but did not formally strike the allegation on the second case. (See *People v. Smith* (1992) 10 Cal.App.4th 178, 181-183.) The parties have not referenced this issue on appeal. Since the record reflects the court imposed the sentence only on the first case and the abstract reflects a sentence for only one prison prior, we see no reason to address this issue further.

[4] The trial court also imposed but stayed pursuant to Penal Code section 654 a two-year sentence for possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). And the court imposed 90 days each for possessing drug paraphernalia (Health & Saf. Code, § 11364) and giving false information to a police officer (Pen. Code, § 148.9, subd. (a)), to be served concurrently to the other terms.

# DISCUSSION

## I. Health & Safety Code section 11370.2

Defendant contends the trial court erred in sentencing him to an additional three years in state prison because of his prior conviction for possession of methamphetamine for sale. Defendant argues that because his current conviction was based on the transportation of drugs for his own personal use, he is not the type of repeat drug offender targeted by the Legislature in Health and Safety Code section 11370.2. We are not persuaded.

A court's fundamental task in interpreting a statute is " ' " 'to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute. [Citation.] We begin by examining the statutory language, giving the words their usual and ordinary meaning. [Citation.] If there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs. [Citations.]' " ' " (*Burnham v. Public Employees' Retirement System* (2012) 208 Cal.App.4th 1576, 1582-1583.)

The plain language of Health and Safety Code section 11370.2, subdivision (c) makes it clear that *any* person convicted of transporting methamphetamine "shall receive . . . a full, separate, and consecutive three-year term for each prior felony conviction" of possession of a controlled substance for sale. The language is unambiguous and makes no exception for persons who were found to be transporting methamphetamine for their own personal use. "Under the standard rules of statutory construction, we will not read into the statute a limitation that is not there." (*People v. Bautista* (2008) 163 Cal.App.4th 762, 777.) The plain language thus governs and defendant's argument fails.

Moreover, as noted by the People and this court in *People v. Beard* (2012) 207 Cal.App.4th 936, the sentencing enhancement provided in Health and Safety Code section 11370.2 is related to the defendant's status as a repeat offender, not the manner in which his current crime was committed. (*Beard*, at p. 942; see also *People v. Tillotson* (2007) 157 Cal.App.4th 517, 542.) As such, in imposing the enhancement, it is not

5

relevant that the controlled substance defendant was transporting here was for his personal use and not for sale to others. It is only relevant that he was previously convicted of an enumerated drug-related offense, which he indisputably was.

Citing *People v. Pieters* (1991) 52 Cal.3d 894, 899, defendant asserts that the Legislature's stated intent in enacting Health & Safety Code section 11370.2 was "to punish more severely those persons who are in the regular business of trafficking in, or production of, narcotics and those persons who deal in large quantities of narcotics as opposed to individuals who have a less serious, occasional or relatively minor role in this activity." From this, he contends that application of the Health & Safety Code section 11370.2 enhancement to a person who transports for personal use would be an absurd consequence and the statutory language should, therefore, not be given literal meaning. (*Younger v. Superior Court* (1978) 21 Cal.3d 102, 113.) However, *Pieters*, and the statutory intent cited from *Pieters*, relate only to Health & Safety Code sections 11370.4 and 11379.8, which provide enhanced penalties for excessive amounts of various controlled substances. The Legislature did not express the same intent relative to its enactment of section 11370.2.[5]

---

[5] The People cited *People v. Garcia* (1989) 211 Cal.App.3d 1096 in support of their argument that the Health & Safety Code section 11370.2 enhancement is a status enhancement. On this point, we agree with the *Garcia* court. However, we note the *Garcia* court observed that the "express purpose" for the enactment of Health & Safety Code sections 11370.2 and 11370.4 is as defendant suggests here. (*Garcia*, *supra*, 211 Cal.App.3d at pp. 1100-1101.) The *Garcia* court's observation was in error. The legislative history states: "SECTION 1. It is the intent of the Legislature in enacting *Sections 3 and 4* of this act to punish more severely those persons who are in the regular business of trafficking in, or production of, narcotics and those persons who deal in large quantities of narcotics as opposed to individuals who have a less serious, occasional, or relatively minor role in this activity." (Stats. 1985, ch. 1398, § 1, p. 4948, italics added.) Sections 3 and 4 of the act relate to the enactment of Health and Safety Code sections 11370.4 and 11379.8, respectively, enhancements for excessive quantities of specified controlled substances. (*Id*. at pp. 4948-4949.) The statement of intent cited by defendant and the *Garcia* court is silent on section 2 of the act, the enactment of

6

On the other hand, it has been said that the Legislature determined transportation of controlled substances poses greater risks to the public than simple possession does. (*People v. Emmal* (1998) 68 Cal.App.4th 1313, 1316-1317.) In addition to discouraging drug sales and purchases, the penalty provided for transportation offenses is intended to reduce the incidents of traffic accidents caused by those who might use and be impaired by a controlled substance during its transportation and to inhibit the use of controlled substances in general by making it difficult to distribute and obtain them. (*Ibid.*; see also *People v. LaCross* (2001) 91 Cal.App.4th 182, 187.) This is why transporting a controlled substance -- even if for personal use -- is punished more severely than simple possession. (*Emmal*, *supra*, 68 Cal.App.4th at p. 1317.) Given the underlying intent for the offense of transporting controlled substances, we reject the notion that it would be absurd to apply the Health and Safety Code section 11370.2 enhancement to a person who previously had been convicted of a prior narcotics trafficking offense, even if the controlled substance he transported in the current offense was for personal use.

Accordingly, there was no error.

## II. Consecutive Term for Failing to Appear

Defendant also contends the trial court wrongly concluded it had no discretion but to sentence him to a consecutive term on his conviction for failure to appear in the second case. In support of his contention, defendant argues that his failure to appear arises from the same operative facts as his drug-related crimes in the first case because the People used his failure to appear in the second case as evidence of consciousness of guilt in the first case. We disagree.

Penal Code section 667, subdivision (c)(6) provides in relevant part that "if a defendant has been convicted of a felony and it has been pled and proved that the

---

Health and Safety Code section 11370.2. (Stats. 1985, ch. 1398, § 1, p. 4948.) Therefore, we disagree with the *Garcia* court on this point.

7

defendant has one or more serious and/or violent prior felony convictions, as defined in subdivision (d), the court shall adhere to each of the following: [¶] . . . [¶] If there is a current conviction for more than one felony count not committed on the same occasion, and *not arising from the same set of operative facts*, the court shall sentence the defendant consecutively on each count pursuant to this section." (Italics added; identical language set forth in Pen. Code, § 1170.12, subd. (a)(6).) The California Supreme Court has explained that crimes which arise from the same set of operative facts are crimes that share "common acts or criminal conduct that *serves to establish the elements* of the current felony offenses of which defendant stands convicted." (*People v. Lawrence* (2000) 24 Cal.4th 219, 233, italics added.)

Contrary to defendant's claim, his failure to appear in court on the drug-related offenses in the first case shares no common act or criminal conduct that would establish any elements of the drug-related offenses for which he was convicted. To convict defendant of transportation of methamphetamine, the People were required to prove that defendant transported a controlled substance, knew of its presence, knew of its nature or character as a controlled substance, and that the controlled substance was methamphetamine. (CALCRIM No. 2300.) To convict defendant on the charge of possession of methamphetamine, the People had to prove defendant unlawfully possessed a controlled substance, knew of its presence, knew of its character as a controlled substance, and that the controlled substance was methamphetamine. (CALCRIM No. 2304.) The People did argue that defendant's failure to appear on the drug-related charges in the first case was evidence defendant knew he was guilty of those charges, but consciousness of guilt is not an element of any of the charged offenses. Accordingly, defendant's claim fails.

### III. Clerical Error

In the second case, case No. 11F08400, defendant was convicted of failure to appear in violation of Penal Code section 1320.5. The abstract of judgment correctly

8

indicates defendant was convicted of violating Penal Code section 1320.5, but incorrectly identifies that crime as "Transprt Controlled Subst." The trial court shall correct this clerical error.

## DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment to reflect that in case No. 11F08400, defendant was convicted of failure to appear in violation of Penal Code section 1320.5. The trial court shall forward a certified copy of the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.

                                                                         MURRAY             , J.

We concur:

                 BUTZ               , Acting P. J.

                 DUARTE            , J.