Filed 5/4/16  P. v. Oakley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C079774 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 08F09057, 11F08400) |
| v. | |
| JAMES EDWARD OAKLEY, | |
| Defendant and Appellant. | |

Defendant James Edward Oakley seeks to use a Proposition 47 petition, designed to reduce specified felonies to misdemeanors, as a vehicle to benefit from a legislative redefinition of the crime of transportation of methamphetamine.  (Health & Saf. Code, § 11379.)[1]  As we explain, that crime is not subject to reduction under Proposition 47, the Safe Neighborhoods and Schools Act, and defendant's conviction for that crime was final

_____

[1]  Further undesignated statutory references are to the Health & Safety Code.

1

before the redefinition took effect.  We conclude the redefinition cannot be applied retrospectively, and therefore the trial court properly denied defendant's petition.

## BACKGROUND

Our opinion affirming defendant's conviction stated its key holding as follows:

> "[Defendant] was convicted on multiple criminal charges, including transportation of methamphetamine.  ([§] 11379, subd. (a).)  As a repeat offender, defendant was sentenced to an aggregate term of 11 years four months in state prison.  Defendant appeals his sentence, arguing that the trial court wrongly sentenced him to an additional three-year term under [section] 11370.2, because the transportation of methamphetamine charge for which he was convicted was based on transportation for personal use.  Defendant also contends the trial court wrongly believed it lacked discretion under the three strikes law to sentence defendant to a concurrent term for his conviction on the charge of failure to appear.

> "In the published portion of this opinion, we conclude that the trial court did not err in imposing the three-year enhancement pursuant to [section] 11370.2, because that enhancement applies regardless of whether transportation of a controlled substance is for personal use." (*People v. Oakley* (2013) 216 Cal.App.4th 1241, 1243 (*Oakley*).)

Defendant's petition for review was denied by the California Supreme Court on August 14, 2013.  (*Oakley*, *supra*, 216 Cal.App.4th 1241, review den. Aug. 14, 2013, S211669.)  He concedes his conviction became final later in 2013, after he failed to seek review by the United States Supreme Court.

On February 11, 2015, the trial court granted defendant's Proposition 47 petition to reduce his conviction for simple possession, section 11377, subdivision (a), to a misdemeanor, imposed a one-year jail sentence, and stayed it pursuant to Penal Code section 654.  This reduction had no effect on the length of his sentence, as execution of the prior felony sentence for that count had been stayed at the original sentencing hearing.  (See *Oakley*, *supra*, 216 Cal.App.4th at p. 1245, fn. 4.)

2

On March 6, 2015, defendant filed a handwritten letter pointing out in part that as of January 1, 2014, section "11379 was amended meaning you could [have] struck the transportation from my record." On March 9, 2015, a clerk sent defendant a letter stating Proposition 47 relief was denied, because the offense of transportation of a controlled substance "is not eligible for relief" under Proposition 47.

On June 29, 2015, defendant then filed a formal petition for redesignation of his sentence under Proposition 47, which was treated as a motion for reconsideration and denied on that day.

On July 13, 2015, defendant filed a notice of appeal, specifying that it was from the judgment of March 26, 2012, and requesting a certificate of probable cause. However, in his accompanying request for a certificate of probable cause (which was granted), defendant outlined in narrative form the procedures to that date. Liberally construed, the outline indicates his intention to appeal from the denial of his formal Proposition 47 petition, rather than re-appeal from the original judgment. We deem his notice of appeal to be from the latter order.[2]

## DISCUSSION

Defendant contends he is entitled to the benefit of the legislative redefinition of transportation to require intent to sell, despite the fact that this legislation took effect after finality of his conviction therefor. We disagree.

---

[2] We treat the hand-written letter as an informal request to the court, and the notice of appeal as timely from defendant's formal Proposition 47 petition. We note that defendant was not challenging the validity of a guilty or no contest plea, inasmuch as he had two jury trials on the various charges resulting in the sentence we previously affirmed (see *Oakley*, *supra*, 216 Cal.App.4th at pp. 1244-1245), and there was no plea at issue regarding the Proposition 47 petition. Thus there was no basis for issuance of a certificate of probable cause in this case.

Defendant reasons as follows:

> "Although inartfully pleaded, Mr. Oakley's petition for Proposition 47 relief turned upon his contention that another recent law, AB 721, operated to reduce his prior transportation conviction to simple possession in violation of [section] 11377. If that contention proved correct, Proposition 47 would then convert that possession conviction into a misdemeanor. And if that were so, Mr. Oakley's conviction of [section] 11379, doubled for a [strike] and enhanced by a three-year drug prior conviction, would become a misdemeanor and, instead of carrying nine years, would carry a maximum of one year."

The main flaw in this reasoning is that the law redefining transportation to add the element of intent to sell does not operate retroactively so as to affect final judgments. Defendant collaterally attacked his convictions in the trial court through a petition brought pursuant Penal Code section 1170.18, which was enacted as part of Proposition 47. While the statutes defining the crime of transportation of a controlled substance *now* defines transport to "means to transport for sale" (§ 11379, subd. (c)), that change was enacted by the Legislature (Stats. 2013, ch. 504, § 2) not by the voters via Proposition 47. There is no dispute that section 11379 is not one of the listed crimes subject to redesignation as a misdemeanor under Proposition 47.

Defendant argues that the Legislature's changes to the transportation statute should apply to him. The legislative amendment to section 11379 did not include an explicit savings clause prohibiting retroactive application of the amended statutory language, nor is there any other indication of "clear legislative intent" that the amended statutory language is only to be applied prospectively. (*People v. Rossi* (1976) 18 Cal.3d 295, 299.) Because the amendment benefits a defendant by eliminating criminal liability for drug transportation in cases involving possession for personal use, it must be applied retroactively to any case in which the judgment *was not final* when the amendment occurred. (See *In re Estrada* (1965) 63 Cal.2d 740, 745.)

Here, however, defendant's conviction was final.

4

Defendant notes that *Estrada* does not bar retroactive application to final judgments of conviction when the Legislature intends for the change to apply retrospectively. (See *People v. Flores* (1979) 92 Cal.App.3d 461, 470-474.) He additionally points out that retrospective application is not an issue when the legislative amendment merely clarifies existing law. (See *Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922 (*Carter*) ["[a] statute that merely clarifies, rather than changes, existing law is properly applied to transactions predating its enactment"].) Asserting that the legislative history of the bill's changes to the transportation statute shows that the bill was intended to merely clarify existing law, defendant concludes the changes should apply to his conviction.

In *People v. Rogers* (1971) 5 Cal.3d 129, our Supreme Court held that the offense of transportation of marijuana (former § 11531) did not require "a specific intent to transport contraband for the purpose of sale or distribution, rather than personal use." (*Rogers*, at p. 134.) As the court explained, "Neither the word 'transport,' the defining terms 'carry,' 'convey,' or 'conceal,' nor [former] section 11531 read in its entirety, suggests that the offense is limited to a particular purpose or purposes. [¶] . . . [N]othing in that section exempts transportation . . . of marijuana for personal use. Had the Legislature sought to restrict the offense of transportation to situations involving sale or distribution, it could easily have so provided." (*Id.* at pp. 134-135.) Up until the recent changes to the transportation statute, it remained the law in California that the illegal transportation of controlled substances did not require the transportation to be for purposes of sale. (See, e.g., *People v. Eastman* (1993) 13 Cal.App.4th 668, 673-677.)

The " 'interpretation of a statute is an exercise of the judicial power the Constitution assigns to the courts' " and "[w]hen [the California Supreme Court] 'finally and definitively' interprets a statute, the Legislature does not have the power to then state that a later amendment merely declared existing law." (*Carter, supra*, 38 Cal.4th at p. 922.) Any legislative intent is irrelevant to the question of whether an amendment

5

changes or clarifies the law. In *Rogers*, the Supreme Court held that transportation of a controlled substance did not have a requirement that the transportation be intended for sale. The Legislature did not--and could not--"clarify" that decision when it added the for sale requirement by adopting new subdivision (c) of section 11379, instead it abrogated the *Rogers* holding by redefining the crime of transportation.

Because defendant's conviction was final before the effective date of the redefinition of transportation, and that change did not merely clarify existing law, the new definition of transportation did not apply to his conviction. Accordingly, the trial court correctly denied defendant's petition.

## DISPOSITION

The order denying defendant's petition is affirmed.


_____/s/_____
Duarte, J.



We concur:



_____/s/_____
Blease, Acting P. J.



_____/s/_____
Hoch, J.

6